Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
Tricia Benavente and
Adresina Benavente

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **TRICIA BENAVENTE, and ANDRESINA BENAVENTE** <br><br> Plaintiffs, <br><br> v. <br><br> **NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, A DELAWARE STATUTORY TRUST(S), and PATENAUDE & FELIX A.P.C.,** <br><br> Defendants. | **Case No.:** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.** <br><br> **[CLASS ACTION]** <br><br> **JURY TRIAL DEMANDED** |

*CLASS ACTION COMPLAINT*

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. TRICIA BENAVENTE and ANDRESINA BENAVENTE (jointly as "Plaintiffs"), by Plaintiffs' attorneys, brings this class action complaint to challenge the actions of NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, A DELAWARE STATUTORY TRUST(S), ("National Collegiate") and PATENAUDE & FELIX, A.P.C. ("Patenaude") (or jointly as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1692 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiffs are residents of Clark County, the State of Nevada. Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and Defendants' conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Defendant Patenaude is registered as a foreign corporation with the Nevada Secretary of State, with a registered agent of service in Nevada. Because Defendants do business and have the capacity to sue within the State of Nevada, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

### PARTIES

11. Plaintiffs are natural persons who reside in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs.  In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant Patenaude is, and at all times mentioned herein was, a debt collector doing business in Nevada, whose primary address is in San Diego, California.

13. Defendants are entities whom use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiffs were individuals residing within the State of Nevada.

16. At all times relevant, Defendants conducted business in the State of Nevada.

17. Sometime before September 6, 2013, Plaintiffs are alleged to have incurred certain financial obligations related to student loans.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before September 6, 2013, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiffs take no position as to the validity of the alleged debt.

21. Subsequently, but before September 6, 2013 the alleged debt was assigned, placed or otherwise transferred, to Defendants for collection.

22. On or about September 6, 2013, Patenuade, acting on behalf of National Collegiate, filed a state court collections lawsuit against Plaintiffs in the Eighth Judicial District Court, County of Clark, State of Nevada, Case No. A-13-688669-C (the "state court action").

23. Defendants did not file a proof of service by publication until on or about January 14, 2014. Therefore, Plaintiffs were not aware of Defendants' complaint until sometime on or after at least January 14, 2014.

24. Defendants' complaint states in part, "That Defendant [sic] is indebted to Plaintiff in the amount of $55,162.48, as a result of a past due balance on student loans obtained by Defendant from Plaintiff, pursuant to Promissory Notes...Unless Defendant is required to pay $55,162.48, for the loan rendered by Plaintiff to Defendant [sic], Defendant [sic] will be unjustly enriched at the expense of Plaintiff."

25. Despite Defendants' assertions in the complaint against Plaintiffs, Plaintiffs did not enter into a written contract with National Collegiate.

26. Defendants do not furnish loans, disburse funds, or extend credit, as Defendants alleged in the complaint against Plaintiffs. Instead, Defendants are debt collectors who were seeking to collect an alleged debt after the alleged default.

27. On June 10, 2014, Defendants filed a Motion for Summary Judgment in the state court action. Like the complaint in the state court action, Defendants'

Motion for Summary Judgment alleged a contractual relationship between National Collegiate and Plaintiffs as well as asserting National Collegiate funded the loan in question:

> "Defendant received a student loan from [National Collegiate] for a principal amount of $30,000 plus accuring [sic] interest for account number ending in 3391/001-001000."
>
> ...
>
> "In this case, a valid contract exists between the parties. Defendants applied for, received, and utilized the student loan that [National Collegiate] advanced to Defendants. [National Collegiate] performed its duties under the Agreement by providing the funds to Defendants, while Defendants, on the other hand, breached the Agreement by failing to the make the required payments under the Agreement and failing to pay the balance upon default.
>
> ...
>
> "Defendants have breached their contractual obligation to [National Collegiate] by failing to make monthly payments to the terms of the student loan."
>
> ...
>
> "[National Collegiate] extended a student loan of $30,000 plus interest that remains unpaid."
>
> ...
>
> "Defendants breached a valid contract with [National Collegiate], and Defendants received the benefit of the loan extended to him [sic], but did not make timely payments specified under the parties' Agreement."

28. Defendants' failure to identify the original creditor in the complaint and the motion for summary judgment in the state court action is both deceptive and material under the least sophisticated standard and constitutes a violation of 15 U.S.C. § 1692e.

29. Through this conduct, Defendants' used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

### CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated.

31. Plaintiffs define the Class as (i) all persons with addresses within Nevada; (ii) who were sent any communication which was similar or identical to Plaintiffs' Exhibit 1 and/or Exhibit 2; (iii) to recover a consumer debt; (iv) in which this complaint and/or motion failed to provide to Defendant the original creditor's name as required by 15 U.S.C. § 1692e. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint.

32. The Class is composed of hundreds or thousands of persons, the joinder of which would be impractical.  The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class.  The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

A) Whether Defendants violated the FDCPA;

B) Whether members of the Class are entitled to the remedies under the FDCPA;

C) Whether members of the Class are entitled to declaratory relief;

D) Whether members of the Class are entitled to injunctive relief;

E) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

F) Whether the Class is entitled to any other remedies.

31. Plaintiffs will fairly and adequately protect the interests of the Classes.

32. Plaintiffs have retained counsel experienced in handling class claims as well as claims involving unlawful collection practices.

33. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

34. A class action is a superior method for the fair and efficient adjudication of this controversy.

35. Class-wide damages are essential to induce Defendants to comply with Federal and State Law.

36. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00.  Management of these

claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

37. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

38. Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### First Cause Of Action
### THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 to each named Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

///

///

**PRAYER FOR RELIEF**

Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

• an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

• an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and

• any other relief the Court may deem just and proper.

**TRIAL BY JURY**

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 25, 2014                              Respectfully submitted,

BY: /s/ DANNY J. HOREN
DANNY J. HOREN, ESQ.
KAZEROUNI LAW GROUP, APC
ATTORNEYS FOR PLAINTIFFS